UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Joseph Merlo,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.: 1:20-cv-3237 |
| | ) |
| **LVNV Funding, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

1

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Joseph Bailey, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, LVNV Funding, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 6801 S. Cimarron Road, Suite 424-J, Las Vegas, NV 89113.

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendants regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendants regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendants cease all further communication on the debt.

23. The Defendants' collector(s) were employee(s) and/or representative(s) of the Defendants at all times mentioned herein.

24. The Defendants acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained John Steinkamp & Associates for legal representation.

26. Prior to November 12, 2018, Plaintiff had a debt that was owed to Amazon Synchrony Bank (hereinafter "Amazon").

27. On November 12, 2018, the Plaintiff's legal counsel sent a letter to Amazon. This letter notified Amazon that the Plaintiff had retained legal counsel for this account and provided Amazon with contact information for said counsel. Additionally, this letter informed Amazon that the Plaintiff disputed the debt. *See Exhibit "2" attached hereto*.

28. At some point after November 12, 2018, Amazon sold this debt to the Defendant.

29. Prior to November 12, 2018, Plaintiff had a debt that was owed to Newegg Synchrony (hereinafter "Newegg").

30. On November 12, 2018, the Plaintiff's legal counsel sent a letter to Newegg. This letter notified Newegg that the Plaintiff had retained legal counsel for this account and provided Newegg with contact information for said counsel. Additionally, this letter informed Newegg that the Plaintiff disputed the debt. *See Exhibit "2" attached hereto*.

31. At some point after November 12, 2018, Newegg sold this debt to the Defendant.

32. Prior to November 12, 2018, Plaintiff had a debt that was owed to Walmart Synchrony Bank (hereinafter "Walmart").

33. On November 12, 2018, the Plaintiff's legal counsel sent a letter to Walmart. This letter notified Walmart that the Plaintiff had retained legal counsel for this account and provided Walmart with contact information for said counsel. Additionally, this letter informed Walmart that the Plaintiff disputed the debt. *See Exhibit "2" attached hereto*.

34. At some point after November 12, 2018, Walmart sold this debt to the Defendant.

35. Prior to November 12, 2018, Plaintiff had a debt that was owed to T.J. Maxx Synchrony Bank (hereinafter "T.J. Maxx").

36. On November 12, 2018, the Plaintiff's legal counsel sent a letter to T.J. Maxx. This letter notified T.J. Maxx that the Plaintiff had retained legal counsel for this account and provided T.J. Maxx with contact information for said counsel. Additionally, this letter informed T.J. Maxx that the Plaintiff disputed the debt. *See Exhibit "2" attached hereto*.

37. At some point after November 12, 2018, T.J. Maxx sold this debt to the Defendant.

38. According to the Court in Scott v. Durham, 772 F.Supp.2d 978 (N.D.Ind. 2011), "[i]t is a 'well-settled principle of contract law that a valid assignment gives the assignee neither greater nor lesser rights than those held by the assignor." Pettit v. Pettit, 626 N.E.2d 444, 447 (Ind. 1993); Indianapolis-Marion Cty Public Library v. Charlier Clark & Linard, PC, 929 N.E.2d 838, 848 (Ind.App. 2010); *see* C.J.S. Assignments §110 ("Since the assignee's rights are derivative, so that an assignee of a contract occupies the same legal position

under a contract as did the original contracting party, he or she can acquire through the assignment no more and no fewer rights that the assignor had, and cannot recover under the assignment any more than the assignor could recover"). That is, "an assignee of a non-negotiable chose in action generally acquires no greater right than was possessed by the assignor, and simply stands in the shoes of the assignor." 6 AM.JUR.2D Assignments §108; *see* 6A C.J.S. Assignments §110 ("The assignee acquires all of the rights and remedies possessed by the assignor at the time of the assignment, and takes the obligation, contract, chose, or other thing assigned subject to the same restrictions, limitations, and defects as it had in the hands of the assignor. . . In other words, an assignee stands in the shoes of the assignor."). Id., 772 F.Supp.2d at 980-981.

39. Prior to December 8, 2020, the Defendant had reported to TransUnion credit reporting agency that the Plaintiff owed debts to it, originally owed to Amazon Synchrony Bank, Newegg Synchrony, Walmart Synchrony Bank, and T.J. Maxx Synchrony Bank.

40. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies. *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

41. On December 8, 2020, the Plaintiff obtained and reviewed a copy of his TransUnion credit report. *See Exhibit "3" attached hereto*.

42. On December 8, 2020, the Defendant was reporting the Plaintiff's debt to it without indicating that the debts were disputed. *See Exhibit "3" attached hereto*.

43. The TransUnion credit report dated December 8, 2020, indicates that the debts were last reported, updated, or verified as of November of 2020. *See Exhibit "3" attached hereto*.

44. The TransUnion credit report dated December 8, 2020, fails to indicate that the debts were disputed by the consumer. *See Exhibit "3" attached hereto*.

45. By failing to communicate that the debts at issue were disputed, Defendant violated the FDCPA. *See*, *e.g*., Sayles v. Advanced Recovery Systems, Inc., 865 F.3d 246 (5th Cir. 2017).

46. Defendant's violations of the FDCPA were material because Defendant's failure to comply with the FDCPA would make her believe that she did not have the rights Congress had granted her under the FDCPA. *See*, *e.g*., Sayles, *supra*, 865 F.3d at 250 (debt collector's violation exposed consumer to "a real risk of financial harm caused by an inaccurate credit rating").

47. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 47 of the complaint are realleged and incorporated herewith by references.

2. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

3. The Defendant violated 15 U.S.C. § 1692e(8) by continuing to attempt to report a debt to a credit reporting agency when it knew the debt was disputed by the consumer. *See* 15 U.S.C. 1692e(8) ("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); *See also* Hoffman vs. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. 1993); Brady vs. Credit Recovery Co., Inc., 160 F.3d 64, 65 (1st Cir. 1998)(Section 1692(e)(8) requires debt collector who knows, or should know, that a given debt is disputed to disclose its disputed status. This standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is acquired); Finnegan vs. Univ. of Rochester Med. Ctr, 21 F.Supp.2d 223 (W.D.N.Y. 1998); 1st Nationwide Collection Agency, Inc. v. Werner, 654 S.E.2d 428 (Ga.Ct.App. 2007); Randall vs. Midland Funding, LLC, 2009 WL 2358350 (D. Neb. 2009); Kinel v. Sherman Acquisition II, L.P., 2007 WL 2049566 (S.D.N.Y. 2007); Acosta v. Campbell, 2006 WL 146208 (M.D. Fla. 2006); *see also* Daley vs. A & S Collection Associates, Inc., 717 F.Supp.2d 1150 (D.Oreg. 2010)(summary judgment issued for Plaintiff when the Defendant communicated credit information to credit reporting agency which it knew or should have known to be false); Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836 (D.Ariz. 2011)(holding that bona fide error defense did not excuse debt collector's error in failing to report that debt was in dispute).

4. The Defendant misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

5. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Email: john@johnsteinkampandassociates.com